## Fulton National Bank, Guardian, v. Haldeman

*H. Edgar Sherts*, for petitioner.
*Chas. W. Eaby*, contra.

ATLEE, P. J., July 16, 1937.—On November 29, 1933, Catharine W. Haldeman gave to her son, Frank Haldeman, a letter of attorney recorded in the Recorder's Office of Lancaster County in Letter Book 16, page 383, in

which the said Frank Haldeman was empowered generally to manage and dispose of Catharine W. Haldeman's property. On June 23, 1936, on the petition of various parties in interest, the Court of Common Pleas of the County of Lancaster, in a proper proceeding, entered a decree finding Catharine W. Haldeman to be weakminded. The Fulton National Bank of Lancaster was appointed guardian of the said Catharine W. Haldeman's property. Then the Fulton National Bank, guardian as aforesaid, filed a bill in equity, asking the court to declare null and void the letter of attorney heretofore mentioned, requiring Frank Haldeman, the attorney in fact, to file an account of his handling of the property of the said Catharine W. Haldeman, and requiring the said Frank Haldeman to turn over to the bank, as guardian, all property of Catharine W. Haldeman in Frank Haldeman's hands. This court, on hearing on the bill in equity, entered an adjudication finding that the decree that Catharine W. Haldeman was not able, owing to weakness of mind, to take care of her property operated as a revocation effective on date of the decree of the prior letter of attorney. This adjudication required Frank W. Haldeman, within 30 days of the date of the filing of the decree, to file an accounting of his handling of Catharine W. Haldeman's affairs. The court of common pleas, sitting in equity, further ruled that upon adjudication of the account the court was to have such further authority as may be necessary to secure the transfer to the guardian of the property of the weakminded person. The costs of the bill in equity were ordered to be paid from the funds of Catharine W. Haldeman. Thereafter on April 30, 1937, the guardian filed in this court a suggestion showing the fact of the death of Catharine W. Haldeman on March 29, 1937, and the further fact that letters of administration on her estate have been granted to Frank W. Haldeman. The suggestion also states that the death and granting of letters of administration had occurred before any assets were received by the guardian.

The account of Frank Haldeman, attorney in fact of Catharine W. Haldeman, has been filed in this court and shows a balance of principal in cash of $442.22. The income account shows a balance due the accountant of $321.02. Attached to the account is a statement of further items of principal of a total face value of $5,675.50.

Under date of May 21, 1937, the guardian has filed a petition for the allowance of compensation to the guardian. The attorney at law who has successfully conducted the proceedings to have the said Catharine W. Haldeman declared a weakminded person, and who filed the bill in equity asking to have the letter of attorney revoked, presented his petition asking for the allowance of compensation for professional services rendered in the proceedings above referred to.

To summarize the facts in the matter now before the court: Catharine W. Haldeman is declared a weakminded person and the power of attorney given by her to Frank Haldeman has been revoked. The attorney in fact has filed his account. Catharine W. Haldeman has died and an administrator of her estate has been appointed. No assets came to the hands of the guardian appointed to take care of the property of Catharine W. Haldeman. The entry of the finding of weakmindedness immediately stopped all authority given by the letter of attorney to Frank Haldeman. It is to be borne in mind that the claim of the guardian for compensation is an unliquidated claim, the amount of which is, of course, to be found in some proceeding. Likewise, the claim of the attorney at law has not been reduced to judgment or otherwise liquidated. The case of Rambo's Appeal, 123 Pa. Superior Ct. 565, 568, 569, decides as follows:

"A careful examination of the statutes dealing with lunatics and feeble minded persons discloses a definite purpose upon the part of the legislature to confine the duties of committees and guardians so far as relates to the estates of such incompetents to the management thereof during life. A committee of the estate is given the

'management of the real and personal estate of such person' (50 PS 753), and on termination of the trust the final account is to be a full and complete account of the management of the estate (50 PS 757). The Act of 1907 discloses a like intent to confine the duties of a guardian to that of management and to require an accounting of such management. There is not a suggestion that a committee or a guardian in case of death shall have power to distribute the proceeds among heirs, devisees, legatees or creditors. On the other hand, the orphans' court is given jurisdiction by Act, June 7, 1917, §9 (e) to make 'distribution of the assets and surplusage of the estates of decedents among creditors and others interested.' We definitely held in the Estate of Maggie P. Holman, 102 Pa. Superior Ct. 198, 208, 156 A. 608, that even though the claimants are the sole heirs, the balance shown by the account of a guardian for a weak minded person should be awarded to the administrator of the decedent. 'The proceeding was a purely personal one, and is necessarily terminated on the death of the party': Ebling's Estate, 134 Pa. 227, 232, 19 A. 847."

The Weakminded Persons Act of June 13, 1836, P. L. 589, gives the court of common pleas authority to adjudicate the account of a guardian of a weakminded person. In the present proceeding there is no account of such guardian before the court, the guardian having received no funds. Under the authority of the decision quoted above from Rambo's Appeal, supra, there is nothing left for this court to do but to award the balance as shown by the account of the attorney in fact to Frank Haldeman, administrator of Catharine W. Haldeman. In the orphans' court the creditors here doubtless will find a relief which this court in the present matter cannot afford.

On several occasions recently where, upon death of the ward, accounts have been filed by guardians of weakminded persons, the court of common pleas has not hesitated to make distribution of the balance shown in the guardian's account, and, in so doing, has completely ig-

nored the possibility of the granting of letters of administration. This action by this court has been taken where the entire balance in the guardian's account has been consumed in the payment of claims of the Commonwealth and the Board of Directors of the Poor of the County of Lancaster for maintenance of the ward. This has been done to avoid the expense and delay of an administration on the estate of the ward, and has occurred only where counsel for all parties in interest have agreed that this should be done. In the present case there is an account by an attorney in fact. The guardian received nothing and has filed no account. Upon the death of the grantor the only person to whom an attorney in fact can make payment is the grantor's administrator. In the present case neither will the entire balance be consumed by claims presented in this court, nor are counsel in agreement as to what should be done.

The balance as shown by the account of Frank Haldeman, attorney in fact of Catharine W. Haldeman, is awarded to Frank Haldeman, administrator of Catharine W. Haldeman, and this is done without prejudice to the rights of the two claimants here to claim proper compensation in the orphans' court.